UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 23-00552 FMO (RAO) | Date: | April 19, 2023 |
| Title: | Edmund Edwards v. Charisse Edwards et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER TO SHOW CAUSE**

Plaintiff Edmund Edwards ("Plaintiff") filed a Complaint on January 24, 2023. Dkt. No. 1. Plaintiff concurrently paid the filing fee. *See id.* The named defendants are Charisse Edwards, Krista Edwards, Arlene Parkinson, Jeffrey D. Calvin, Jack Esensten, Jonathan Udewitz, Dennis Block, Monica Mihell, Naren Hunter, Larry Lewellyn, James Payne, and Judges Lee R. Bogdanoff and Elizabeth Lippitt. *Id.* at 1-3. Jeffrey Calvin filed an Answer on March 6, 2023. Dkt. No. 9. Dennis Block filed a Motion to Strike Complaint on March 14, 2023. Dkt. No. 18. On April 17, 2023, Plaintiff filed a Motion for Clerk to Enter Default. Dkt. No. 21.

"A trial court may dismiss a claim sua sponte" for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), particularly if it is clear that the claimant cannot possibly win relief. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015). For the reasons set forth below, it appears that Plaintiff cannot possibly win relief on his federal claims. Plaintiff is ORDERED to show cause by **May 19, 2023** why the Court should not recommend dismissal of this action.

The Court defers ruling on the Motion to Strike and Motion for Clerk to Enter Default until after Plaintiff responds to this order.

**I.    DISCUSSION**

    **A.    Factual Allegations as to Arlene Parkinson, Jack Esensten, Jonathan Udewitz, Dennis Block, Monica Mihell, Naren Hunter, and James Payne**

Plaintiff's claims arise from a state probate matter on the administration of the estate of his deceased father. Although all named defendants are listed in the Complaint, *see* Compl. ¶ 12, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 23-00552 FMO (RAO) | Date: | April 19, 2023 |
| Title: | Edmund Edwards v. Charisse Edwards et al. | | |

factual allegations refer only to Charisse Edwards, Krista Edwards, Jeffery D. Calvin, Larry Lewellyn, and Judges Bogdanoff and Lippitt. *See* Compl. ¶¶ 2-7, 15-20, 35-40. There are no allegations within the text of the Complaint regarding the conduct of Arlene Parkinson, Jack Esensten, Jonathan Udewitz, Dennis Block, Monica Mihell, Naren Hunter, or James Payne. Therefore, Plaintiff fails to state a claim against any of these defendants.

While it is not the job of the Court to comb through Plaintiff's exhibits in an attempt to piece together a claim, the Court has reviewed the exhibits to the Complaint in search of any reference to Arlene Parkinson, Jack Esensten, Jonathan Udewitz, Dennis Block, Monica Mihell, Naren Hunter, or James Payne. The Court has found references to the following defendants: Arlene Parkinson, *see* Compl. at 14, 73-88; Jack Esensten, *see id.* at 68, 69; Jonathan Udewitz, *see id.* at 41; Monica Mihell, *see id.* at 40; and James Payne, *see id.* at 40, 51-53. However, references to these defendants in these attachments do not sufficiently provide elements of any claim. If Plaintiff intends to bring claims against any of these defendants, he must allege facts within the complaint, not in exhibits, regarding the specific conduct of each defendant that he believes supports a claim against that defendant. Additionally, the Court fails to see any reference to Dennis Block or Naren Hunter and how these defendants were involved in the underlying probate matter.

### B. Section 1983 Claims

Plaintiff purports to bring claims pursuant to 42 U.S.C. § 1983 ("Section 1983"). Compl. ¶ 9. To state a claim under Section 1983, Plaintiff must plead that a defendant, while acting under color of state law, deprived him of a right created by federal law. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

A Section 1983 claim "may lie against a private party who is a willful participant in joint action with the State or its agents." *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) (citation and internal quotation marks omitted). Conclusory allegations of joint action are insufficient to support a claim that a private party acted under color of law. *Id.* "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the government?" *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (citation and internal brackets omitted). There are at least four different tests to determine whether a private party's actions may be challenged under Section 1983 as state action. *Id.* "Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 23-00552 FMO (RAO)      Date: April 19, 2023
Title: Edmund Edwards v. Charisse Edwards et al.

subject to its constitutional limitations." *Id.* at 1093 (citation omitted). Under the joint action test, the Court considers whether "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity," such as "when the state knowingly accepts the benefits derived from unconstitutional behavior." *Id.* (citation omitted). Under the compulsion test, the Court considers "whether the coercive influence or significant encouragement of the state effectively converts a private action into a government action." *Id.* at 1094 (citation omitted). And finally, under the nexus test, the Court considers "whether there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Id.* at 1094-95 (citation omitted).

Defendants Charisse Edwards, Krista Edwards, Arlene Parkinson, Jeffrey D. Calvin, Jack Esensten, Jonathan Udewitz, Dennis Block, Monica Mihell, Naren Hunter, Larry Llewellyn, and James Payne (collectively, "non-judicial defendants") appear to be private actors. Charisse and Krista Edwards are two individuals who claim an interest in the estate of Plaintiff's deceased father. *See* Compl. ¶ 2. Larry Lewellyn is their attorney. *Id.* ¶ 4. Arlene Parkinson appears to be the mother of Charisse and Krista Edwards. *See id.* at 14, 73-88. Jeffrey Calvin is or was Plaintiff's attorney in the state probate matter. *Id.* ¶ 2. Jack Esensten, Jonathan Udewitz, and Monica Mihell also appear to be attorneys who represented Plaintiff at some point in the probate matter. *See id.* at 40, 41, 68, 69. James Payne is an interested party in the probate matter, who previously lived with the decedent. *Id.* at 51-13. Plaintiff's Section 1983 claims against the non-judicial defendants fail because Plaintiff does not allege facts to support that these defendants acted under color of state law. *See Briley v. State of Cal.*, 564 F.2d 849, 855 (9th Cir. 1977) ("[A] privately-retained attorney does not act under color of state law for purposes of actions brought under the Civil Rights Act."). Thus, Plaintiff fails to state Section 1983 claims against the non-judicial defendants.

Moreover, to state a Section 1983 claim, Plaintiff must allege the deprivation of a right created under federal law. Plaintiff does not allege the deprivation of a right under the U.S. Constitution or a federal statute. Thus, Plaintiff fails to state a Section 1983 claim against all defendants.

    **C.**     **Judicial Immunity**

Judges Bogdanoff and Elizabeth Lippitt (collectively, "judicial defendants") appear to be entitled to judicial immunity. Judicial immunity is a "sweeping form of immunity for acts performed by judges that relate to the judicial process." *In re Castillo*, 297 F.3d 940, 947 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 23-00552 FMO (RAO) | Date: | April 19, 2023 |
| Title: | Edmund Edwards v. Charisse Edwards et al. | | |

2002) (internal punctuation and citations omitted). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11, (1991). Judicial immunity is "overcome in only two sets of circumstances." *Id.* First, a judge is not immune for "actions not taken in the judge's judicial capacity." *Id.* "Second, a judge is not immune for actions . . . taken in the complete absence of all jurisdiction." *Id.* at 12. The Supreme Court's illustration of the difference between absence of jurisdiction and excess of jurisdiction is instructive. "If a probate judge, with jurisdiction only over wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 n.7, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). "[O]n the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Id.*

Here, Plaintiff's claims are based on these judicial defendants' actions in the underlying probate matter. *See* Compl. ¶¶ 4-7. Plaintiff does not allege any facts to support that Judges Bogdanoff and Lippitt did not have jurisdiction over the probate matter, nor does he allege any facts to show that the actions at issue were taken outside of their judicial capacity. The judicial defendants are immune to Plaintiff's claims against them in their individual capacities.

**D.     Sovereign Immunity**

Plaintiff also brings claims against Judges Bogdanoff and Lippitt in their official capacities "as probate judge[s] for the County of Los Angeles." Compl. ¶ 12.

The State of California is generally immune in federal lawsuits under the Eleventh Amendment. *See Ex Parte Young*, 209 U.S. 123 (1908); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999). The judicial branch is considered an arm of the State of California and therefore shares the same immunity under the Eleventh Amendment. *See NAACP v. State of California*, 511 F. Supp. 1244, 1257-58 (E.D. Cal. 1981); *Lucas v. Arizona Supreme Court Fiduciary Certification Program*, 457 Fed. App'x 689, 690 (9th Cir. 2011).

To the extent Plaintiff seeks damages or retrospective relief, Plaintiff's claims against Judges Bogdanoff and Lippitt in their official capacities are barred by the Eleventh Amendment. *See Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment."). As to Plaintiff's request for injunctive relief,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 23-00552 FMO (RAO)  Date: April 19, 2023
Title: Edmund Edwards v. Charisse Edwards et al.

Plaintiff requests corrections to "the misrepresentations to the arrest record of the Plaintiff." Compl. at 10. The Complaint does not reference any arrest record of Plaintiff, and it does not appear that the judicial defendants would have been involved in creating or modifying Plaintiff's arrest record. Thus, Plaintiff fails to state a cognizable official capacity claim against the judicial defendants.

### E. Fraud on the Court Claim

Plaintiff also fails to state a federal claim for fraud on the court. Fraud on the court is a basis for a federal court to vacate a judgment obtained by fraud. *United States v. Estate of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011). There is no independent legal cause of action for fraud on the court for damages. *Coultas v. Payne*, Civ. No. 3:11-cv-00045-AC, 2016 WL 740421, at *4 (D. Or. Feb. 24, 2016); *see also Montez v. Chase Home Finance LLC*, No.: 3:18-cv-02899-BEN-LL, 2019 WL 1950388, at *3 (S.D. Cal. May 1, 2019). Rather, "it is a theory pursuant to which a party may seek relief from a judgment or court order induced on the basis of the opposing party's fraud." *Coultas*, 2016 WL 740421, at *4. In *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004), the Ninth Circuit recognized that, in certain circumstances, "a plaintiff in federal court can seek to set aside a state court judgment obtained through extrinsic fraud." *Id.* at 1141.

Here, Plaintiff does not request relief from a state court order or judgment. Plaintiff requests compensatory and punitive damages and injunctive relief in the form of corrections to "the misrepresentations to the arrest record of the Plaintiff." Compl. at 10. As explained above, the Complaint does not reference any arrest record of Plaintiff, and it does not appear that any order or judgment in a probate matter would constitute a misrepresentation in an arrest record. Thus, Plaintiff fails to state a cognizable claim for fraud on the court.

### II. CONCLUSION

Plaintiff is **ORDERED TO SHOW CAUSE** why the Magistrate Judge should not recommend that his complaint be dismissed for the reasons stated above. Plaintiff shall file his response no later than **May 19, 2023**. Alternatively, the Court grants Plaintiff leave to amend if he believes he can cure the deficiencies set forth in this order. Any amended complaint shall be due by **May 19, 2023**. Plaintiff is warned that correcting only one deficiency may not be sufficient to state cognizable federal claims. For example, even if Plaintiff includes factual allegations regarding a specific defendant's conduct, unless Plaintiff also states facts to support that that defendant is a state actor and that Plaintiff was deprived of a federal right, Plaintiff will still fail to state a Section 1983 claim. As another example, even if Plaintiff alleges the deprivation of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 23-00552 FMO (RAO) | Date: | April 19, 2023 |
| Title: | Edmund Edwards v. Charisse Edwards et al. | | |

federal right by the judicial defendants, unless Plaintiff states facts to overcome judicial and/or sovereign immunity, Plaintiff may not maintain his lawsuit against the judicial defendants.

    Plaintiff is reminded that any amended complaint must: (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to prior complaints, *i.e.*, it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2; (c) contain a "short plain" statement of the claim(s) for relief, *see* Fed. R. Civ. P. 8(a); (d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1); (e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b); (f) set forth clearly the sequence of events giving rise to the claims for relief; and (g) allege with sufficient specificity what each defendant did and how that individual's conduct violated Plaintiff's rights.

    **If Plaintiff fails to file a timely response to this Order as directed above, the action will additionally be subject to dismissal without prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

    **IT IS SO ORDERED.**

Initials of Preparer : dl